(No. 6152.   March 22, 1935.)

FIDELITY & DEPOSIT COMPANY OF MARYLAND (a Corporation), Respondent, v. O. Y. MASON, Appellant.

[42 Pac. (2d) 486.]

Frank F. Kibler and M. H. Eustace, for Appellant.

Frank T. Wyman, for Respondent.

GIVENS, C. J. — Respondent surety for appellant as sheriff of Canyon county on his official bond, pursuant to its special contract of indemnity with respondent,[1] sued appellant for reimbursement of $370.48 and interest, paid the county by respondent on the county's demand as the balance of appellant's illegal (I. C. A., sec. 17–3201) deposit of fees received by him, in a bank, not forthcoming in full because of the bank's insolvency, and not otherwise accounted for by appellant to his successor. (Const., art. 18, sec. 9; I. C. A., sec. 30–2601, 2602.)

Appellant contends the fees so deposited by appellant in the bank were public funds, entitled to a preference, and that the county and surety were duty bound to compel such trust and preference, thus mitigating and avoiding appellant's damages, and their failure so to do relieves appellant from liability to respondent.

No statutes or decisions are cited by appellant in favor of this adroit plea in confession and avoidance and we have not only searched in vain to find any, but, to the contrary, the facts and such authorities as appear applicable in principle overthrow him.

Appellant when he filed the claim with the receiver of the bank and asserted no preference was already in default to the county and the surety bond. (Statutes, *supra,* and

---

[1] " . . . . Second, to indemnify the Company against all loss, liability, costs, damages, attorneys' fees and expenses whatever, which the Company may sustain or incur by reason of executing said bond, in making any investigation on account thereof, in prosecuting or defending any action which may be brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained; Third, that the Company shall have the right, and is hereby authorized, but not required; (a) to adjust, settle or compromise any claim, demand, suit or judgment upon said bond, unless the undersigned shall request the Company to litigate such claim or demand or defend such suit or to appeal from such judgment, and shall deposit with the Company collateral satisfactory to it in kind and amount; . . . . "

*Buhl Highway Dist. v. Allred and United States Fidelity & Guaranty Co.,* 41 Ida. 54, 238 Pac. 298.)

Appellant's contract of indemnity with respondent gave it the right to pay its obligation as surety, without compulsion by suit (appellant demanded none), and it did not prematurely so pay or seek reimbursement from him.

Appellant has presented no reason why any greater duty rested on respondent than on him to claim a preference; true the county received the dividends from the defunct bank, but they have all been applied on appellant's indebtedness to the county and credit has been given therefor to appellant by respondent in this action. It is not reasonable under the circumstances herein to place a greater duty on respondent than appellant assumed voluntarily and in the first instance when he filed his claim and either waived a preference or at least did not assert it.

If not before, the claim filed by appellant fixed the status of respondent's obligation as surety against the contention herein made by appellant and judgment was properly entered in favor of respondent. (*American Surety Co. v. Fielder,* (Tex. Civ. App.) 36 S. W. (2d) 818; 1 Brandt on Suretyship & Guaranty (1905), p. 475, sec. 235; 50 C. J. 266, sec. 440, n. 42.)

Judgment affirmed. Costs to respondent.

Budge, Morgan, Holden and Ailshie, JJ., concur.